**KFC CORPORATION, Plaintiff,**

v.

**Ole J. LILLEOREN, et al., Defendants.**

**Civ. A. No. C 91-0440-L(A).**

United States District Court,
W.D. Kentucky,
at Louisville.

Jan. 24, 1992.

Charles J. Cronan, IV, Scot A. Duvall, Stites & Harbison, Louisville, Ky., for plaintiff.

Edgar Zingman, Steve Price, Wyatt, Tarrant & Combs, Louisville, Ky., Todd A. Bradley, Hanna, Spencer, Kerns & Strader, Portland, Or., for defendants.

## MEMORANDUM OPINION

ALLEN, Senior District Judge.

The plaintiff, KFC Corporation ("KFC"), a Delaware corporation with its corporate headquarters in Louisville, Kentucky, filed this action for declaratory and injunctive relief against the defendants, Ole J. Lilleoren and Joanne E. Lilleoren, residents of Oregon, and their wholly owned Oregon corporations, Kentucky Fried Chicken of Port Angeles, Inc. ("KFC–Port Angeles"), and KFC of North Bend, Inc. ("KFC–North Bend"). In accordance with various franchise agreements, the four defendants operated Kentucky Fried Chicken restaurants in Kelso, Washington, in Port Angeles, Washington, and in North Bend, Oregon.

Prior to the trial on KFC's motion for a preliminary injunction, defendants moved to dismiss or to transfer the action to the federal judicial district of Oregon on the grounds of improper venue or forum non conveniens. In opposition KFC argued that venue was proper on the grounds, *inter alia*, of forum selection clauses contained in the agreements covering the KFC–Port Angeles and Kelso restaurants. Following the submission of memoranda and oral arguments by counsel, the Court held that venue in the Western District of Kentucky was proper. Subsequently, defendants moved for reconsideration. Although that motion will be denied, the Court believes that reducing to writing its reasons for finding venue proper might be of some assistance to the parties.

The parties to the franchise agreements for KFC–Port Angeles and KFC–North Bend consisted of the plaintiff and the defendant corporations. The parties to the franchise agreement for the Kelso restaurant consisted of the plaintiff and the Lilleorens individually. Pursuant to the forum selection clauses found in section 20.8 of the KFC–Port Angeles and the Kelso agreements, the parties agreed as follows:

> This Agreement has been made and accepted in Kentucky, and it shall be interpreted in accordance with and governed by the laws of the Commonwealth of Kentucky and any applicable state franchise laws. *Franchisee hereby consents and waives any objection the jurisdiction and venue* of any state or federal court of general jurisdiction in Jefferson County, Kentucky with respect to

any action or proceeding relating in any way to this Agreement or Franchisee's operation of the Outlet; and franchisee and KFC agree that any action brought against the other relating to this Agreement or the operation of the Outlet shall be brought in such a Court in Jefferson County, Kentucky.

*See* Complaint Exhibits C and G (emphasis added).

Although the KFC–North Bend franchise agreement did not contain a forum selection clause, it did include a choice of law provision whereby the parties acknowledged that the agreement was "made and accepted in Kentucky, and ... shall be interpreted in accordance with and governed by the laws of the State of Kentucky and any applicable state franchise laws." *See* Complaint Exhibit K.

Pursuant to these clauses, the parties have agreed that for purposes of venue, the defendants "reside" in the Western District of Kentucky because they are subject to personal jurisdiction under Kentucky's long-arm statute. KRS 454.210. Defendants argued that the forum selection clauses were unenforceable because of the parties' unequal bargaining power. They also argued that the relevant events surrounding the Kelso franchise occurred in Washington, not Kentucky, and that defending the action in Kentucky would be inconvenient for the defendants.

In *Carnival Cruise Lines, Inc. v. Shute*, —— U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), the Supreme held that a forum selection clause contained in a cruise passage ticket was valid. The ticket provided that all disputes arising under the ticket would be litigated in courts located in Florida. While the ship was in international waters, a passenger, Ms. Shute, was injured when she slipped on a deck mat. She and her spouse filed a tort claim in federal court in Washington, alleging that her injuries were caused by the negligence of the cruise line and its employees.

The District Court dismissed the action, holding that defendant's contacts with the state of Washington were insufficient to support personal jurisdiction. *Id.* 111 S.Ct. at 1524. The Court of Appeals reversed, holding that the contacts were constitutionally sufficient. As to the forum selection clause, the appellate court held that it should not be enforced because the parties did not freely bargain for it.

The Supreme Court reversed, holding that even though there was no bargaining for the forum selection clause, "a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit." *Id.* 111 S.Ct. at 1527. The Court also noted that such clauses have "the salutary effect of dispelling any confusion about where suits ... must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Id.* As to the question of inconvenience, the Court held that plaintiffs did not satisfy the "heavy burden of proof" necessary for setting aside a forum selection clause. *Id.* 111 S.Ct. at 1528 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972)).

In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), an Alabama corporation entered into an agreement with the defendant, a nationwide manufacturer with its principal place of business located in New Jersey. The agreement contained a forum selection clause that provided that any dispute arising under the contract would be brought only in a court located in Manhattan, New York. The Alabama corporation filed suit in federal district court in Alabama, alleging breach of contract. Relying on the forum selection clause, the defendant moved to dismiss for improper venue or to transfer to the federal court in Manhattan. The District Court denied the motion. On interlocutory appeal, the Court of Appeals reversed and remanded with instructions to transfer the action to the federal judicial district located in Manhattan. *Id.* at 24–25, 108 S.Ct. at 2241.

The Supreme Court affirmed, explaining that under 28 U.S.C. § 1404(a) motions to transfer, district courts should balance a

number of case specific factors before exercising their discretionary power to transfer. Among those factors, where a forum selection clause is present, it will be a "significant factor that figures centrally in the district court's calculus." *Id.* at 29, 108 S.Ct. at 2244. Other factors include, for example, the convenience of the forum and the parties' relative bargaining power. *Id.*

In attempting to harmonize the holdings in *Carnival Cruise Lines* and *Ricoh*, it appears that a federal court must give considerable weight to forum selection clauses. Although such clauses are not always dispositive, they should be upheld unless it is unfair to do so. As noted by the *Ricoh* Court:

> Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that ... come under the heading of 'the interest of justice.'

487 U.S. at 30, 108 S.Ct. at 2244.

Here, the Court believes that it would be equally inconvenient for KFC to try its action in Oregon as it is for defendants to defend the action in Kentucky. While it is true that KFC is a large national corporation with far more economic power than the defendants, it is also true that defendants failed to present any evidence showing that plaintiff misused its economic power. In addition, common sense dictates that corporations dealing with citizens of many different jurisdictions, as does KFC, would legitimately want to limit the legal actions arising out of their dealings to one forum.

For the reasons set forth above, an order in accordance with this memorandum opinion will be entered this date.

### ORDER

This matter having come before the Court on the defendants' motion to dismiss or to transfer the action to the District Court of Oregon and to reconsider the Court's prior ruling denying said motion, and the Court having entered its memorandum opinion,

IT IS ORDERED that defendants' motion to dismiss or to transfer is denied.

IT IS FURTHER ORDERED that defendants' motion for reconsideration of its motion to dismiss or to transfer is denied.

This is not a final and appealable order.